(No. 73-CC-0295—

DAVID W. RUFFCORN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 23, 1981.*

LYTTON & DALTON (WILLIAM L. DALTON, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

The facts in this case are for the most part undisputed. The Claimant, David W. Ruffcorn, was involved in an accident which occurred on April 23, 1971, at 11:20 p.m. at the intersection of John Deere Road and Eleventh Avenue, near Silvis, Illinois. John Deere Road is a four-lane, divided highway running in a northerly and southerly direction and it is intersected from the west by Eleventh Avenue. Approximately 2000 feet north of Eleventh Avenue, John Deere Road dead ends at Valley View Road. From October 1, 1969, until the date of the accident John Deere Road was open at the south from Colona Road to north of Eleventh Avenue 2000 feet to Valley View Road. On October 1, 1969, the State of Illinois placed signs for northbound traffic on John Deere Road for the stop sign and road closure at Valley View Road as follows: (1) "Stop Ahead" located 500 feet north of Eleventh Avenue; (2) "T-Intersection" 1000 feet north of Eleventh Avenue; (3) "Stop Ahead" 1500 feet north of Eleventh Avenue; and (4) "Stop" 2000 feet north of Eleventh Avenue at the intersection of Valley View Road. Some of the signs were equipped with flashers.

On the day of the accident the State moved the road closure and barricade from Valley View Road 2000 feet south to a point just north of Eleventh Avenue and extending across the northbound lanes of John Deere Road. It is undisputed that the State also placed reflectorized signs approximately 4 feet square on each side of the highway as follows: (1) 1500 feet south of Eleventh Avenue a "Detour Ahead;" (2) 1000 feet south of Eleventh Avenue "Barricade Ahead;" (3) 500 feet south of Eleventh Avenue "Barricade Ahead;" and (4) on the barricade just north of Eleventh Avenue was affixed the wording "Road Closed." There were no flashers on any of the

barricades for the northbound traffic. There was some testimony concerning a dip in the highway south of Eleventh Avenue, which would somewhat obstruct the intersection. However, it seems fairly clear that the intersection was visible at least a city block away. The Claimant was driving north on John Deere Expressway on his motorcycle on his way home. He had been to school at Blackhawk Junior College, work and visited friends prior to the accident. His driving lights were on and he was wearing a safety helmet. The Claimant testified that at no time did he see the signs nor did he see the barricade. The Claimant testified that he was traveling at 35 m.p.h. at the time of the accident. The barricade sign, across the center of the highway, was constructed of 2″ X 6's covered with 6′ X 3′ reflectorized 5/8″ plywood centered across both lanes. The road in question was apparently a local road and was located in a residential area. The weather was not a factor in this matter. The Claimant apparently crashed through the plywood sign leaving his silhouette in the sign. He was found lying 162 feet north of the barricade and his motorcycle was found 460 feet beyond that point. The Claimant survived the accident and subsequently served three years in the army.

This Court is of the opinion that the Construction Injury Act (Ill. Rev. Stat., ch. 121, par. 314.1 *et seq.*), is not applicable to this case. Section 6 of said Injury Act designates who shall be liable, but section 8 of said act specifically excludes the State of Illinois from liability thereunder. It is the Court's opinion that section 8 was not repealed by the new construction.

It is the Court's opinion that this matter should be decided under Count I of said complaint, which is based upon common law negligence. Under Claimant's Count I

30

he primarily bases his allegations of negligence upon the proposition that the State should have had artificially illuminated flashers included along with the signs, which were in place at the time of the accident, and in support of his position he cites the publication known as the Manual of Uniform Traffic Control Device for highway construction and maintenance operation. After having considered the evidence the Court is of the opinion that in the situation as it existed in this case the State possibly could have done more in the way of flashing signals and illumination of the barricade signs. This is not negligence. Obviously a dangerous condition would exist to a local user of the road particularly, when the barricade had been moved and the flashing signal had also been removed and the local user was used to this condition. But it is also the Court's opinion that the Claimant was guilty of contributory negligence.

He had a light present on his motorcycle. The weather was not a factor. There was nothing to obstruct his vision. The barricade itself was in the middle of the highway. The opportunity to see the sign was there. That he did not see the signs in place and take appropriate action constitutes lack of care or negligence. The Claimant was not alert. He obviously was traveling in excess of 35 m.p.h. He was therefore guilty of contributory negligence and his claim is therefore denied.